# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1951V

|  |  |
|---|---|
| KATIE DANSO-DANQUAH,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: October 11, 2023 |

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*Amanda Pasciuto, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 22, 2020, Katie Danso-Danquah filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of a Tdap vaccine she received on February 10, 2020. Petition, ECF No. 1. On August 1, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,957.87 (representing $26,105.80 in attorney's fees and $1,852.07 in attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Aug. 11, 2023, ECF No. 47. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 47-3.

Respondent reacted to the motion on Aug. 17, 2023, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 48. Petitioner did not file a reply thereafter.

The rates requested for work performed through 2023 are reasonable and consistent with prior determinations and will therefore be adopted. (And all time billed to the matter was also reasonably incurred). Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 47-2. Respondent offered no specific objection to the rates or amounts sought.

I note this case required additional briefing regarding the issue of damages. *See* Status Report; filed Sept. 14, 2022, ECF No. 34 (reporting that the parties have reached an impasse regarding settlement negotiations); Petitioner's Motion for ruling on the record; filed Feb. 14, 2023, ECF No. 36. Petitioner's counsel expended approximately 10.30 hours drafting the brief in support of damages. ECF No. 47-1 at 14. I find this amount of time to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$27,957.87 (representing $26,105.80 in attorney's fees and $1,852.07 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Glen H. Sturtevant.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                            s/Brian H. Corcoran
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.